**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAHILL WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>DREW KROWIAK, ESQUIRE,<br><br>        Defendant. | CIVIL ACTION NO. 3:26-CV-00080<br><br>(MEHALCHICK, J.) |

**ORDER**

Plaintiff Kahill Williams ("Williams") initiated this *pro se* action on January 14, 2026, by filing a complaint. (Doc. 1). On February 13, 2026, Williams filed a motion to proceed *in forma pauperis*. (Doc. 4). On February 23, 2026, Magistrate Judge Susan E. Schwab granted Williams's motion. (Doc. 6). On February 26, 2026, Judge Schwab screened the complaint in accordance with 28 U.S.C. § 1915A, determined that Williams's complaint was subject to dismissal for failure to state a claim and lack of jurisdiction, and granted Williams leave to file an amended complaint. (Doc. 7). On March 31, 2026, Williams filed the operative amended complaint alleging that Defendant Andrew Krowiak ("Krowiak"), First District Attorney for Lackawanna County, acted improperly when prosecuting Williams for failure to register as a sex offender and Krowiak's misconduct resulted in Williams being erroneously detained. (Doc. 9). According to Williams, Krowiak violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (Doc. 9, at 2, 6).

On April 29, 2026, Judge Schwab screened Williams's amended complaint and recommended that the Court dismiss this action and deny leave to amend. (Doc. 10, at 19). Judge Schwab concluded that any federal constitutional claims Williams asserts against

Krowiak in his individual capacity are barred by prosecutorial immunity and Williams does not allege any facts which, even when liberally construed, state a federal constitutional claim against Krowiak in his official capacity. (Doc. 10, at 8-17). Judge Schwab further noted that the only basis by which the Court could retain jurisdiction over any liberally construed state law claims is through supplemental jurisdiction, and Williams provides no justification for the Court to exercise supplemental jurisdiction over state law claims absent federal claims. (Doc. 10, at 17-18). Judge Schwab recommended that the Court deny leave to amend because she had already granted Williams the opportunity to file an amended complaint and he again failed to state a claim. (Doc. 10, at 17-18). Judge Schwab advised Williams that he had fourteen days to file an objection. (Doc. 10, at 19-20). Williams did not file a timely objection. As such, the Court will **ADOPT** the report and recommendation. (Doc. 10).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on

the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 10). **NOW, THEREFORE, IT IS HEREBY ORDERED** that Judge Schwab's report and recommendation (Doc. 10) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **DISMISSES** the amended complaint (Doc. 9) **without prejudice** and **DENIES** leave to amend. The Clerk of Court is directed to close this matter.

**BY THE COURT:**

**Dated: July 29, 2026**

*/s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**

3